### NATIONAL BATTERY CO. et al. v. WESTERN MOLDED PRODUCTS, Inc.

#### No. 10074.

Circuit Court of Appeals, Ninth Circuit.

Dec. 31, 1942.

Naylor & Lassagne and Jas M. Naylor, all of San Francisco, Cal. (Mitchell, Johnson & Ludwick, of Los Angeles, Cal., of counsel), for appellants.

Lyon & Lyon and R. E. Caughey, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge:

Appeal by plaintiffs after judgment in the District Court for defendant dismissing the action.

Appellant is the assignee of letters-patent upon the combination of a moulded battery container and a plaque trade-name plate. The housing for batteries formerly in common use in automobiles was an ordinary wooden box, and the battery manufacturer's name-plate was tacked or pasted upon

it. This housing method gave way to a moulded composition or hard rubber box, with the trade-name moulded integrally.

The battery trade is supplied by companies, who manufacture and market batteries under nationally advertised trade-names, and by wholesale distributors, who buy batteries made up and sell them under their own trade-names. The manufacturers, who sell to such wholesale distributors, supply several or many such distributors. The "blown in the bottle" idea became a material sales advantage and resulted in an economic handicap to the manufacturers for wholesale distributors, and by reflection, to the distributors themselves, because instead of one stock of boxes, a separate stock had to be kept on hand for each distributor supplied.

Young, the patentee, proposed that all boxes be moulded with a shallow recess on their sides, and that a plaque of the thickness of the recess, bearing a distributor's trade-name, be separately moulded and be pressed into the recess of the box, and there be secured by means of an adhesive or interlocking device. The plaque thus used should be made of the same material as the box, or closely resembling it, and should be acid resisting and have the same expanding and contracting qualities as the box material. Thus it will be seen, out of one stock of containers, many brands of batteries could be assembled easily and inexpensively which would have the appearance of boxes with moulded-in trade-names.

The inventor's claims are carried in the margin.[1]

Let us look at the prior art. The patent in suit was applied for January 7, 1935, and granted November 9, 1937. On November 17, 1934, patent was ·applied for and was granted November 24, 1936, to Stanley T. Campbell, patent number 2,061,649, for the insertion of a trade-name upon the flat surface of the screw plug or stopper to each battery cell.

The result achieved by the combination, as to name-plate, and the method used to accomplish the combination, are essentially the same as that suggested in the patent in suit. It is true that there is no requirement in this patent that the disk or plaque should resemble the object to which it is attached or be acid resisting or have the same expanding and contracting qualities. These are qualities, however, so obviously necessary to the purposes of the patent in suit that the inclusion of them as necessary to the practical use of the combination is too obvious to rise to the dignity of invention.

It should be noted that there is no suggestion made in the patent suit as to the composition of materials in the plaque which would possess these qualities.

On June 8, 1927, patent was applied for and was granted October 28, 1928, under number 1,689,619, to Michal and Joseph I. Chernow, for the insertion of initials or insignia into the recess of a base using practically the same methods to accomplish quite the same result, to-wit, the simulated one piece of the assembled article.

On April 2, 1928, patent was applied for and was issued under number 1,794,379, March 3, 1931, relating to affixing initials to belt buckles or for other similar uses. The description of this patent, its uses, and the uses of the combination, strongly suggest those stated in the patent in suit.

Of course, the art of inlaying, including the securing of the inlay by adhesive interlocking device or friction, is old and has been extensively used since antiquity.

Without more, we are of the opinion that at the time of the application for, and at the time of issuance of, the patent in suit, the state of the related art was so developed and, as so developed was, in such general use that the applicability of the attached disk or plaque in such a manner as to suggest its fabrication integrally with the battery box, was easily within the

[1] "1. The combination with a molded storage battery container formed with a recess in its outer surface, of a name plate formed from molded, acid-resistant composition having the appearance of an integral part of said container and a co-efficient of expansion approximately equal to that of said container, said plate fitting snugly in said recess and being securely bonded to the container wall in said recess.

"2. The combination with a storage battery container of molded composition formed with a recess in its outer surface, of a plate of molded composition formed with a legend thereon in bas-relief fitting in said recess and having the appearance of an integral part of said container, the depth of said recess being such that marginal portions of said container afford a guard for said plate and an adhesive securing said plate in said recess."

realm of the open secret to the skilled mechanic. The patent is, therefore, invalid.

Affirmed.